# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

LESLI J. SILVERS, )
　)
　　　　Plaintiff, )
　)
v. ) No. CIV 12-484-FHS-SPS
　)
SHARON McCOY and )
J. PENDEX, )
　)
　　　　Defendants. )

## OPINION AND ORDER

This action is before the court on Defendant Sharon McCoy's motion to dismiss and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Hillside Community Correctional Center in Oklahoma City, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, alleging she suffered constitutional violations while incarcerated at Eddie Warrior Correctional Center (EWCC) in Taft, Oklahoma. She is complaining about her parole consideration, lost earned credits, and her security level. She claims that if she were at a lower security level or paroled, she could seek her own doctor, and get the medication she needs.[1] The defendants are EWCC Warden Sharon McCoy and J. Pendex of Probation and Parole.[2, 3]

Defendant McCoy has filed a motion to dismiss, alleging plaintiff has failed to state

---

[1] This action originally was filed as a petition for a writ of habeas corpus (Docket No. 1), but it was converted to a civil rights complaint, based on Ms. Silvers' request for relief (Docket No. 5).

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

[3] Defendant Pendley has not filed an answer to the complaint.

a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has not filed a response to the motion. Although the court is required to exercise a liberal interpretation of plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the court need not assume the role of advocate for plaintiff, and she must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding [her] alleged injury, and [she] must provide such facts if the court is to determine whether [she] makes out a claim on which relief can be granted." *Id.*

In assessing a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations of the complaint are accepted as true and viewed in a light most favorable to the nonmoving party. Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive dismissal under Rule 12(b)(6) for failure to state a claim, plaintiffs must "nudge[ ] their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While factual assertions are taken as true, legal conclusions are not. A plaintiff is "not required to set forth a prima facie case for each element, [but] is required to set forth plausible claims." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (2012). "A claim has facial plausibility when the [pleaded] factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

After careful review, the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880

F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous. This dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

DATED this 28th day of March, 2014.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma